Linda E. Shostak     #64599
Arturo J. Gonzalez   #121490
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Tel: (415) 268-7000
Fax: (415) 268-7522

Jeffrey P. Davis     #166484
Douglas T. Sloan     #194996
**DOWLING, AARON & KEELER, INC.**
8080 North Palm Avenue, Third Floor
P.O. Box 28902
Fresno, California 93729-8902
Tel: (559) 432-4500
Fax: (559) 432-4590

Attorneys for Defendant/Counter-Claimant MADERA QUALITY NUT, INC., and Defendants RED RIVER FOODS, INC., UNIVERSAL LEAF TOBACCO CO., INC., and UNIVERSAL CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, an Iowa corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MADERA QUALITY NUT, LLC,<br><br>　　　　　　Defendant. | Case No. 1:04-cv-06456-SMS<br><br>**STIPULATED PROTECTIVE ORDER** |
| MADERA QUALITY NUT, INC., a Virginia corporation, formerly doing business as MADERA QUALITY NUT, LLC, a California corporation,<br><br>　　　　　　Counterclaimant,<br><br>vs.<br><br>AMCO INSURANCE COMPANY, an Iowa corporation,<br><br>　　　　　　Counterdefendant. | |

///

PDF created with pdfFactory trial version www.pdffactory.com

The below identified parties to this litigation state:

WHEREAS, MADERA QUALITY NUT, INC., a Virginia corporation, formerly doing business as MADERA QUALITY NUT, LLC, a California corporation is a defendant and counter-claimant in the above captioned matter; and,

WHEREAS, RED RIVER FOODS, INC., a Virginia corporation, UNIVERSAL LEAF TOBACCO COMPANY, INC., a Virginia corporation, and UNIVERSAL CORPORATION, a Virginia corporation, are defendants in the above captioned matter (MADERA QUALITY NUT, INC., MADERA QUALITY NUT, LLC, RED RIVER FOODS, INC., UNIVERSAL LEAF TOBACCO COMPANY, INC., and UNIVERSAL CORPORATION collectively "Defendants"); and,

WHEREAS, AMCO INSURANCE COMPANY, an Iowa corporation ("Plaintiff") is plaintiff and counter-defendant in the above captioned matter;

IT IS HEREBY STIPULATED AND AGREED by and between Defendants and Plaintiff, through their respective counsel of record herein, that:

1.   This Stipulation and Order governs the handling of confidential documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded, electronic or graphic matter ("discovery material") produced or obtained from any person ("the producing person") during the proceedings in this action.

2.   Any person who produces "discovery material" in this action which contains or disclosed unpublished financial data, personnel matters, or other business information of a non-public nature considered by the producing person to be commercially sensitive or proprietary or subject to a right of privacy or privilege, may designate such discovery material as "Confidential," which discovery materials shall be so marked.

3.   The producing person may, on the record of a deposition or by written notice to counsel for all parties to this action no later than 72 hours after receipt of a deposition transcript, designate all or any portions thereof as "Confidential" under the terms of this Stipulation and Order. During the 72-hour period, all transcripts and the information contained therein will be deemed to be "Confidential" in their entirety under the terms of this Stipulation

DOWLING, AARON
& KEELER
INCORPORATED
8080 N Palm, 3rd Floor
P.O. Box 28902
Fresno, Ca  93710

2
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

and Order. Only those portions of a transcript of a deposition marked "Confidential" shall be so treated, except that all copies of deposition transcripts that contain confidential matter shall be prominently marked "Confidential" on the cover thereof and, if and when filed with the Clerk, shall be filed under seal.

    4.    "Confidential" discovery material shall be used only for the prosecution and/or defense of this action, and under no circumstances other than those specifically provided for in this or subsequent court orders shall be disclosed to persons other than the following:

    a.    Counsel who have appeared in this action or are actively engaged in the preparation of this action, and regular and temporary employees of such counsel, including employees of any firm retained to reproduce the discovery material for use in accordance with this Order;

    b.    Experts or consultants assisting counsel in this litigation;

    c.    Employees of any party to this action who are required to assist counsel in the conduct of this action;

    d.    Directors, officers, and employees of parties who are noticed for depositions or designated as trial witnesses and their counsel, or who are identified on the face of the "Confidential" discovery material as an author, addressee, subject or recipient of the discovery material;

    e.    Deponents, and their counsel, during the course of any depositions taken in this action;

    f.    Any court, pursuant to paragraph 7 of this Stipulation and Order;

    g.    Other persons only upon order of this court, or upon stipulation of the party that produced the "Confidential" discovery material, or operation of law.

    5.    Confidential discovery materials may be disclosed pursuant to paragraphs 4b, 4c, 4d, 4e and 4g only on the condition that said materials shall be used by any such person only for the purposes of this action and for no other purposes, and shall not be used by him in any business affairs or in his own affairs or be disclosed, directly or indirectly, by him to any other person. Before disclosure is made to any such person, other than counsel, such person shall

DOWLING, AARON
& KEELER
INCORPORATED
8080 N Palm, 3rd Floor
P.O. Box 28902
Fresno, Ca 93710

3
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1 sign a statement stating that he has read a copy of this Stipulation and Order and agrees to be
2 bound by its provisions.

3   6.   A producing person, with respect to any "Confidential" discovery material which is of a particularly sensitive nature such that disclosure of it to the parties or the officers, directors and employees of one or more of the corporate parties under the restrictions in this Stipulation and Order may be competitively harmful, may designate such materials as "Highly Confidential," in which event the Stipulation and Order shall otherwise apply, except disclosure shall be limited to those persons described in paragraphs 4a, 4b, 4f and 4g and any individual who is identified on the face of the "Highly Confidential" discovery material as an author, addressee, subject or recipient of the discovery material.

  7.   Whenever any "Confidential" discovery material is introduced or elicited at a deposition, trial, hearing or other proceeding, such portions of the proceedings which concern the "Confidential" discovery material shall be conducted so that only those persons authorized hereunder to have access to such matters shall be present.

  9.   All discovery material marked "Confidential" or "Highly Confidential" shall be held in a document repository maintained at the office of Dowling, Aaron & Keeler, subject to disclosure only as provided in this order or as amended.

  10.   Any party who seeks to disclose any discovery material marked "Confidential" or "Highly Confidential" to any person not identified in this order shall first obtain court approval to do so by noticed motion.

  11.   Any amendment of this order by the court may require that any person not identified herein to whom "Confidential" or "Highly Confidential" discovery material is disclosed may review such discovery material only in the presence of counsel, and the court may require the person receiving such "Confidential" or "Highly Confidential" discovery material to sign a copy of this stipulation and order and to agree to be bound by its terms.

  12.   The owner of any "Confidential" or "Highly Confidential" discovery material who is a producing person, as defined herein, is a third-party beneficiary of this

///

DOWLING, AARON & KEELER
INCORPORATED
8080 N Palm, 3rd Floor
P.O. Box 28902
Fresno, Ca  93710

4
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

stipulation and order and has the standing to enforce its terms with respect to discovery material designated "Confidential" or "Highly Confidential."

13. Producing or receiving materials or otherwise complying with the terms of this Stipulation and Order shall not:

    a. Operate as an admission by any party that any particular discovery material contains or reflects proprietary or commercial or other confidential matter; or

    b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery; or

    c. Prejudice in any way the rights of a party to seek determination by this court:

        (1) Whether particular discovery materials should be produced; or

        (2) If produced, whether such material should be subject to the terms of this Stipulation and Order;

    d. Prejudice in any way the rights of any producing person to apply to this court for a further protective order relating to any confidential information.

14. This Order has no effect upon, and its scope shall not extend to, any party's use or disclosure of its own confidential information.

15. Upon conclusion of this litigation, all "Confidential" and "Highly Confidential" discovery materials supplied by the parties and all copies thereof shall be returned to the producing party or shall be destroyed, at the election of the producing party.

Dated: October 14, 2005             DOWLING, AARON & KEELER, INC.,

/s/ Jeffrey P. Davis

Jeffrey P. Davis, Esq.
Attorneys for Defendants/Cross-Claimants

///
///
///

DOWLING, AARON & KEELER
INCORPORATED
8080 N Palm, 3rd Floor
P.O. Box 28902
Fresno, Ca 93710

PDF created with pdfFactory trial version www.pdffactory.com

5

STIPULATED PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | Dated: October 14, 2005 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | /s/ Arturo J. Gonzalez |
| | | _____ |
| 4 | | Arturo J. Gonzalez |
| | | Attorneys for Defendants/Cross-Claimants |
| 5 | | |
| | Dated: October 14, 2005 | MCCORMICK, BARSTOW, SHEPPARD, |
| 6 | | WAYTE & CARRUTH |
| 7 | | |
| | | /s/ Gordon M. Park |
| 8 | | |
| 9 | | _____ |
| | | Gordon M. Park, Esq. |
| 10 | | Attorney for Plaintiff/Cross-Defendant |
| 11 | | |
| | Dated: October 14, 2005 | LEWIS, BRISBOIS, BISGAARD & |
| 12 | | SMITH, LLP |
| 13 | | |
| 14 | | /s/ Julian J. Pardini |
| 15 | | |
| | | _____ |
| 16 | | Julian J. Pardini, Esq. |
| | | AMCO Insurance Company |
| 17 | | Attorney for Counter-Defendant |

**ORDER**

GOOD CAUSE APPEARING THEREFORE, THE FOREGOING STIPULATION IS ACCEPTED AND IT IS SO ORDERED.

**Dated: 12/01/2005**              **/s/ Sandra M. Snyder**

**SANDRA M. SNYDER**

**U.S. MAGISTRATE JUDGE OF THE**

**UNITED STATES DISTRICT COURT**

DOWLING, AARON & KEELER INCORPORATED
8080 N Palm, 3rd Floor
P.O. Box 28902
Fresno, Ca  93710

6

STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com