1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  AMCO Insurance Company,            ) 1:04-cv-06456-SMS
                                      )
10            Plaintiff,              ) ORDER DENYING IN PART AND
                                      ) GRANTING IN PART THE MOTION OF
11      v.                            ) AMCO TO COMPEL PAYMENT OF EXPERT
                                      ) WITNESS FEES (DOC. 116)
12  MADERA QUALITY NUT LLC, et        )
    al.,                              ) ORDER GRANTING IN PART AND
13                                    ) DENYING IN PART THE MOTION OF
              Defendants.             ) AMCO TO EXCLUDE TESTIMONY OF
14  _____) EXPERTS (DOCS. 103, 106)
                                      )
15  MADERA QUALITY NUT LLC, et        ) ORDER DIRECTING THE PARTIES TO
    al.,                              ) FILE ADDITIONAL SUBMISSIONS
16                                    ) REGARDING MQN'S MOTION TO COMPEL
              Counter-Claimants,      ) PRODUCTION OF DOCUMENTS, (DOC.
17                                    ) 105)
        v.                            )        **Additional evidentiary**
18                                    )        **materials:**
    AMCO INSURANCE COMPANY,           )        **Due on or before**
19                                    )        **August 15, 2006**
              Counter-Defendant.      )        **Responsive materials:**
20  _____)        **Fifteen days after service**

21

22      The motions of Plaintiff and Counter-defendant AMCO

23  Insurance Company (AMCO) to compel payment of expert witness fees

24  and to exclude expert testimony, and the motion of Defendant and

25  Counter-claimant Madera Quality Nut, Inc. (MQN) to compel further

26  production of documents came on regularly for hearing on July 27,

27  2006, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M.

28  Snyder, United States Magistrate Judge. Julian J. Pardini of

1

1 Lewis Brisbois Bisgaard & Smith, and Gordon M. Park and Mohammed

2 S. Mandegary of McCormick, Barstow, Sheppard Wayte & Carruth

3 appeared on behalf of Plaintiff AMCO; Arturo Gonzalez of Morrison

4 & Foerster and Jeffrey P. Davis of Dowling Aaron & Keeler

5 appeared on behalf of Defendants. After argument the matters were

6 submitted to the Court, which had considered all joint

7 stipulations and other papers submitted in connection with the

8 motions. The matters relating to joinder have previously been

9 considered and ruled upon by the Court, which granted joinder.

10   I. <u>AMCO'S MOTION TO COMPEL PAYMENT OF EXPERT WITNESS FEES</u>

11   AMCO seeks an order pursuant to Fed. R. Civ. P. 26(b)(4)(C),

12 which requires that unless manifest injustice would result, the

13 Court "shall require" a party seeking to depose an identified or

14 retained expert a reasonable fee for time spent in responding to

15 discovery, and with respect to a retained expert who is not

16 expected to be called as a witness at trial, a fair portion of

17 the fees and expenses reasonably incurred by the responding party

18 in obtaining facts and opinions from the expert. AMCO seeks an

19 order with respect to the preparation, travel, and deposition

20 time of Susan Thompson and Stephen Schroeder, two accountants who

21 are both percipient and expert witnesses in this action. AMCO's

22 motion and accompanying authorities, declarations, and exhibits,

23 as well as its reply, in addition to MQN's opposition,

24 objections, and declarations, have been reviewed by the Court.

25   AMCO relies on <u>Fisher-Price, Inc. v. Safety 1ˢᵗ, Inc.</u>, 217

26 F.R.D. 329 (D.Del. 2003), in which it was found that requiring

27 the plaintiff to pay the fees of defendant's expert witness for

28 time spent attempting to comply with the plaintiff's document

request would not create a manifest injustice. The instant case differs from <u>Fisher-Price</u> in that after considering the parties' papers and weighing the hardships imposed on the respective parties and balancing the need for doing justice on the merits against the need for maintaining orderly and efficient procedural arrangements, the Court concludes that it would create a manifest injustice to require MQN to pay for AMCO's experts' past or future time in preparing for such discovery, including searching for documents that are voluminous. This finding is based on the nature and extent of the involvement of the experts (Thompson and Schroeder) as percipient witnesses, the nature and extent of their expert contributions and the extent to which they have already been compensated, the course and scope of discovery preceding the upcoming depositions, and the lack of evidentiary support for the claim regarding the amount of time taken by Thompson and her staff in responding to document requests.

Accordingly, the Court DENIES AMCO's motion to compel payment of expert witness fees except that, as is the case with both parties, MQN shall be required to pay the experts' usual expenses of actual deposition time and necessary travel.

II. <u>AMCO's Motion to Exclude Expert Witnesses' Testimony</u>

AMCO moves to exclude Defendants' expert witnesses, including their designation, reports, and testimony because of untimely designation.

The Court has reviewed the parties's submissions relating to this motion, including the motion, memorandum, declaration and attachments; the opposition and supporting declarations; and the reply and supporting papers. Counsel for Defendants and Counter-

3

1    claimants has represented as an officer of the Court that the two

2    witnesses designated by it as retained experts are solely

3    rebuttal witnesses, and that should AMCO not introduce expert

4    testimony as disclosed by its timely disclosures, then Defendants

5    will not produce these witnesses.

6         Because of the wording of this Court's order of February 28,

7    2005, concerning the direction to disclose all expert witnesses

8    and supplemental expert witnesses, no order of the Court

9    expressly governed the disclosure of rebuttal expert witnesses.

10   The disclosure of such witnesses is thus governed by Fed. R. Civ.

11   P. 26(a)(2)(C), and thus the Court does not find untimely the

12   disclosure of witnesses Frank Zeigon to rebut the expert opinions

13   already rendered and reported by AMCO's designated expert

14   Veentra; and of Jerry Randall, to rebut the expert opinions

15   already rendered and reported by AMCO's designated expert

16   Thompson. The Court emphasizes that such rebutting expert

17   evidence is limited to evidence intended solely to contradict or

18   rebut the previously disclosed evidence on the same subject

19   matter. Fed. R. Civ. P. 26(a)(2)(C).

20        AMCO's motion to exclude the designation, reports, and

21   testimony of these two witnesses IS DENIED; these two expert

22   witnesses will be permitted to be designated and to report and

23   testify solely to contradict or rebut evidence of the opinions

24   already rendered and reported as described hereinabove; any other

25   testimony or evidence of these experts will be excluded.

26        III. <u>MQN's Motion to Compel Production of Documents</u>

27        MQN moves to compel further production of documents,

28   consisting essentially of post-litigation Passport notes and e-

4

1  mails. AMCO claims attorney-client privilege (privilege) and work

2  product protection. The Court has considered all the papers

3  submitted by the parties, which include privilege logs from AMCO.

4      A court has inherent power to control its docket and the

5  disposition of its cases with economy of time and effort for both

6  the court and the parties. Landis v. North American Co., 299 U.S.

7  248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th

8  Cir. 1992). The Court finds the compilation of materials

9  submitted by AMCO in connection with establishing a foundation or

10 basis for either the privilege or the protection not to be

11 organized in a helpful fashion. Further, in the interest of the

12 importance of preserving privileges and in furtherance of the

13 Court's desire to be fully informed before undertaking to rule on

14 this motion, the Court exercises its discretion to permit AMCO to

15 submit no later than fifteen days after the date of service of

16 this order additional evidentiary materials, and authority if

17 desired, to establish a basis for either attorney-client

18 privilege with respect to assertedly privileged communications,

19 or work product protection with respect to communications and any

20 other materials included in those sought by this motion, and

21 further to provide a helpful privilege log focused on only the

22 matters that are sought by this motion. As it stands, the Court

23 does not understand the precise post-litigation function of the

24 Passport system, the identities of various AMCO personnel and

25 their duties in connection with litigation activities, and the

26 degree of oversight, direction, or other connection between the

27 persons using Passport and AMCO's counsel who are involved in the

28 litigation. The Court extends this opportunity in order to be

1  fully informed and to be able to make reasoned decisions with

2  respect to the privilege and the protection. The general legal

3  principles governing the attorney-client privilege and the work

4  product protection in this action have been previously set forth

5  in the Court's order of April 11, 2006.

6      MQN may file responsive additional evidentiary materials and

7  authority no later than fifteen days after the date of service of

8  any supplemental materials filed by AMCO in response to this

9  order.

10     Thereafter, absent further order of the Court, the matter

11 will be deemed submitted to the Court for decision.

12

13

14

15     IT IS SO ORDERED.

16 **Dated:    July 31, 2006**              **/s/ Sandra M. Snyder**
   icido3                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28